**Kenneth R. Davis, II, OSB No. 97113**
davisk@lanepowell.com
**William T. Patton, OSB No. 97364**
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200

Attorneys for Plaintiffs Elektra Entertainment Group Inc.; UMG Recordings, Inc.; Sony BMG Music Entertainment; Warner Bros. Records Inc.; Virgin Records America, Inc.; and BMG Music

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and BMG MUSIC, a New York general partnership,

Plaintiffs,

v.

DAVE PEREZ,

Defendant.

CV No. 05-931 AA

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM**

By Plaintiffs

Plaintiffs submit the following memorandum in support of their motion to dismiss defendant's counterclaim seeking attorneys' fees.

## INTRODUCTION

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use various online media distribution systems (so-called "peer-to-peer" networks) to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month. As a result of the rise of online media distribution systems, Plaintiffs have sustained and continue to sustain devastating financial losses. Plaintiffs' losses from the copyright infringement have also resulted in layoffs of thousands of employees in the recording industry.

On December 3, 2003, Plaintiffs' investigators detected an individual with the user name "Perez@kazaa" using the Kazaa peer-to-peer file sharing network. This individual had 699 music files on his computer and was offering them for distribution to the millions of persons who use the peer-to-peer networks. Plaintiffs' investigators further determined that the individual used Internet Protocol ("IP") address 67.164.63.195 to connect to the internet.

After filing a "John Doe" lawsuit against the individual using that IP address, Plaintiffs subpoenaed his internet service provider to determine his identity. The internet service provider – in this case, Comcast Cable Communications, Inc. – identified Defendant Dave Perez as the individual in question. As a result, Plaintiffs filed their Complaint (doc. 1) against Defendant on June 24, 2005 for copyright infringement.

On September 23, 2005, Defendant filed his Answer (doc. 6). In his Answer, Defendant includes an untitled counterclaim for attorney fees:

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

> Defendant is entitled to his reasonable attorney fees for having to defend this suit and therefore requests that the Court set reasonable attorney fees in addition to his costs and disbursement.

(Answer (doc. 6) at 2, ¶ 7.) This counterclaim is subject to dismissal pursuant to Rule 12(b)(6), and Plaintiffs ask the Court to dismiss it.

**LEGAL STANDARDS**

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion pursuant to Rule 12(b)(6), the Court must accept all of the claimant's material allegations as true and must construe all doubts in the light most favorable to the claimant. *See Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405, at *1 (D. Or. Sep. 6, 2005). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (citation omitted).

**ARGUMENT AND AUTHORITIES**

Defendant's counterclaim is subject to dismissal for failure to comply with Rule 54. That rule provides in pertinent part:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

FED. R. CIV. 54(d)(2)(A). Thus, Defendant may bring a counterclaim for attorney fees only if the substantive law governing the action provides for recovery of fees as an element of damages.

Here, Plaintiffs have brought this lawsuit under the Copyright Act, 17 U.S.C. § 101 *et seq*. As a result, the "substantive law governing the action" relevant for purposes of Rule 54 is

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

the federal Copyright Act. That Act does not permit fees to be recovered by counterclaim, and the Court should dismiss Defendant's counterclaim accordingly.

1. **The Copyright Act requires that applications for attorney fees be made by motion, not by counterclaim.**

In an action under the Copyright Act, an award of attorney fees is necessarily governed by 17 U.S.C. § 505. *See Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("In a copyright action, fees are governed by 17 U.S.C. § 505, and any award of fees and non-taxable costs must come through it, and not through the general costs provisions of 28 U.S.C. § 1920."). That statute permits a party to seek attorney fees only under certain circumstances. Specifically, 17 U.S.C. § 505 provides that the Court has the discretion to award full costs and reasonable attorney's fees to the prevailing party in a copyright infringement action:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Thus, in the event Defendant prevails in opposition to Plaintiffs' claim for copyright infringement, Defendant may then seek an award of fees from the Court by motion.

But the Copyright Act does not authorize "the recovery of such fees as an element of damages to be proved at trial," as Rule 54(d)(2)(A) requires. Instead, the statute allowing for the discretionary award of attorney fees provides that the Court *may* award fees "as part of the costs." 17 U.S.C. § 505.[1] Needless to say, "costs" are not an element of damages. *See, e.g.*, *Bruch v. United States Coast Guard*, 749 F. Supp. 688, 692 (E.D. Pa. 1990) ("An award of costs and fees is not a damage award. Instead, it simply repays the labor involved in striving to obtain

[1] Fees are not automatically awarded to the prevailing party under the Copyright Act. Rather, the Court must apply the discretionary factors outlined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), in determining whether to award fees.

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

a damage award. Unlike a damage award, an award of costs and fees in no way rectifies the grievance initially giving rise to a case; it does not, in Judge Bork's words, 'substitute for a suffered loss.' Rather than being compensation, costs and fees arise solely as incidents of the effort to achieve compensation."). Because attorney fees are not an element of damages under the Copyright Act but must be sought separately by motion, Rule 54(d)(2) does not permit a counterclaim by motion.

2. **This District's decision in *Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405 (D. Or. Sep. 6, 2005), is directly on point and supports Plaintiffs' Motion.**

This District has previously considered and dismissed a counterclaim seeking only attorney fees in an action involving, *inter alia*, claims for copyright infringement. The decision in that case is directly on point and augurs in favor of the dismissal of Defendant's counterclaim.

In *Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405 (D. Or. Sep. 6, 2005),[2] the plaintiff moved to dismiss a counterclaim for fees, noting that Rule 54(d)(2) requires a demand for attorney fees to be made by motion. *See id*. at *20. In response, the counterclaimant did not "dispute the impropriety of asserting a 'claim' for attorneys' fees" but argued instead the plaintiff had waived any right to challenge the counterclaim because the plaintiff itself had asserted the right to recover fees in its complaint. *Id*. The Court dismissed the counterclaim for attorney fees, noting that while the defendant had asserted a lone claim for attorney fees without any independent counterclaim, the plaintiff's claim for fees arose out of its other claims for damages and did not stand alone. *See id*.; *see also Mattel, Inc. v. Radio City Entertainment*, 210 F.R.D. 504, 504-05 (S.D. N.Y. 2002) (considering, and rejecting as untimely, motion by defendant for attorney fees under 17 U.S.C. § 505 when not made in time set forth by Rule 54(d)(2)).

[2] For the convenience of the court, a copy of *Vigilante.com* is attached as Exhibit A.

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Defendant's counterclaim in this case is no different from that asserted in *Vigilante.com*. Defendant has made no other claim in this case and does not seek "damages" from Plaintiffs. Instead, he seeks only "his reasonable attorney fees for having to defend this suit." Under Rule 54(d)(2) and the decision in *Vigilante.com*, such a request must be made by motion – not by counterclaim. Plaintiffs submit the *Vigilante.com* decision is on point, and they ask the Court to dismiss Defendant's counterclaim for failure to state a claim.

**CONCLUSION**

Plaintiffs do not dispute that Defendant is entitled to apply for his attorney fees pursuant to 17 U.S.C. § 505 should he prevail in this case. But the proper procedure for an award of such fees is by motion only once Defendant is deemed a prevailing party, not by counterclaim. Indeed, Rule 54 expressly mandates such a procedure, as recognized in *Vigilante.com*.

For all of the reasons set forth above, Plaintiffs ask this Court to dismiss Defendant's counterclaim, and for such other relief as the Court deems just and necessary.

DATED: October 28, 2005

LANE POWELL PC

By /s/ William T. Patton
Kenneth R. Davis, II, OSB No. 97113
William T. Patton, OSB No. 97364
(503) 778-2100
Attorneys for Plaintiffs Elektra Entertainment Group Inc.; UMG Recordings, Inc.; Sony BMG Music Entertainment; Warner Bros. Records Inc.; Virgin Records America, Inc.; and BMG Music