Stephen A. Hutchinson, OSB No. 67053
shutchinson@eugene-law.com
Hutchinson, Cox, Coons,
DuPriest, Orr & Sherlock, PC
777 High Street, Ste 200
Eugene, OR 97401
(541) 686- 9160

Attorneys for Defendant


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON


| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and BMG MUSIC, a New York general partnership,<br><br>     Plaintiffs,<br><br>     v.<br><br>DAVE PEREZ,<br><br>     Defendant. | Civil Action No. 05-CV-931-ST<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |

COMES NOW, the Defendant and submits the following memorandum in support of its

request that the Court deny Plaintiff's motion:

/ / / /


**Memorandum in Support of Defendant's Response to Plaintiff's Motion to Dismiss
Counterclaim - 1**

**INTRODUCTION**

Plaintiff's method of identifying the defendant in this case is fatally flawed. It appears that these Plaintiffs have filed mass actions against untold numbers of defendants with the intent of attempting legalized blackmail by forcing them to either defend in federal court or to pay Plaintiffs pre-set "settlement amounts" whether or not they are actually the party in violation.

In this specific case, the claims of the Plaintiffs are meritless because the Defendant is not the person who downloaded any of their copyrighted material although this fact did not deter the Plaintiffs from demanding money to settle the claim. There are thousands of people along the west coast with the name "Perez". There are thousands, if not millions, of computer savvy teenagers who know how to "hack into" someone else's computer and utilize an IP address that is not their own. There are multiple users on shared computers. All of these common knowledge issues absolutely prevent the Plaintiffs from being able to establish by the preponderance of evidence that this particular defendant did anything as a result of being the "owner" of the computer.

The Plaintiffs say that they "detected" an individual on the Kazaa Peer to Peer file sharing network. It appears that any such "detection" would have to result from illegal spyware and illegal violation of the Electronic Privacy Act.

**ARGUMENT**

17 USC § 505 allows recovery of fees and costs incurred in this action. This is a substantive law basis for the damage that a defendant in this kind of action incurs as a result of having to defend the case.

**Memorandum in Support of Defendant's Response to Plaintiff's Motion to Dismiss Counterclaim - 2**

The specific procedure for such award is not specified. Previous interpretations of permissive language in the Statute providing courts with the discretion to award fees to a prevailing party do not limit the procedure for doing so. Plaintiff's reliance on *Vigilante.com Inc. v. Argus Test.com, Inc.* is misplaced. In that case while the defendant's counterclaim for attorney fees was dismissed, the court did not say that such a counterclaim was improper. Rather, the defendant's counterclaim was dismissed because the court found that there was no supporting basis for it.

**CONCLUSION**

Based on the fatally flawed investigation, Plaintiffs have wrongfully filed a lawsuit against an innocent Defendant. Because of that action, Defendant has had to expend time and resources to defend himself in federal court and the substantive law of the Copyright Act gives him a remedy for those damages by allowing a discretionary award of attorney fees. The Plaintiffs' Motion should be denied.

Respectfully submitted,

s/Stephen A. Hutchinson
Stephen A. Hutchinson, OSB No. 67053
Hutchinson, Cox, Coons,
DuPriest, Orr & Sherlock, PC
777 High Street, Ste 200
Eugene, OR 97401
(541) 686- 9160

Attorneys for Defendant