IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware partnership; WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and BMG MUSIC, a New York general partnership, | Civ. No. 05-931 AA<br><br>OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| DAVE PEREZ; KELLIE PEREZ; ANTHONY PEREZ; and CLAIRE PEREZ, | |
| Defendants. | |

Kenneth R. Davis, II and
William T. Patton
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204

1 - OPINION AND ORDER

James Ruh and
Nadia A. Sarkis
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
    Attorneys for plaintiffs

Stephen A. Hutchinson
Hutchinson, Cox, Coons,
DuPriest, Orr & Sherlock, PC
777 High Street, Suite 200
Eugene, OR 97401
    Attorney for defendants

AIKEN, Judge:

This copyright infringement case arises out of the alleged illegal downloading and sharing of music files by defendants Dave Perez and members of his family. Plaintiffs are recording companies who own copyrights in the sound recordings defendants allegedly downloaded and shared.

Currently before the court are competing motions to dismiss defendant Dave Perez ("defendant") from this suit. Specifically, defendant moves for dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant also moves for attorneys' fees. In turn, plaintiffs move to voluntarily dismiss defendant without prejudice under Federal Rule of Civil Procedure 41(a)(2). For the reasons stated below, plaintiffs' motion to dismiss without prejudice is granted, and defendant's motions for dismissal and attorneys' fees are denied.

I.   Background

Plaintiffs filed suit for copyright infringement following an investigation which allegedly revealed violations of their

copyrighted material. Plaintiffs learned that someone with the name "perez@KaZaA" was using a software program called "Kazaa" to make a number of music files available for distribution over the internet. Among the hundreds of music files being shared by "perez@KaZaA" were at least eight songs to which plaintiffs claim to own a copyright. Through the investigation, plaintiffs were able to identify only the user's Internet Protocol ("IP") address, a unique identifier associated with a computer.

Plaintiffs initially brought an action for copyright infringement against "John Doe." Following discovery in their "John Doe" suit, plaintiffs identified defendant as the owner of the internet account providing service to the computer with the IP address identified during the initial investigation. Plaintiffs then dismissed the suit against "John Doe" and filed this action against defendant. Subsequently, plaintiffs amended the complaint and added other members of the Perez family as defendants.

II. Defendant's Motion to Dismiss With Prejudice

Defendant moves to dismiss plaintiffs' claim against him pursuant to Rule 12(b)(6), which permits dismissal of an action for "failure to state a claim upon which relief can be granted[.]" When ruling on such a motion, the court must accept all facts alleged in a well-pleaded complaint as true and construe them in a light most favorable to the plaintiff. See Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003) (citing Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001)). A well-pleaded complaint requires only that a complaint provide "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In a copyright infringement case, plaintiffs must 1) show ownership of the allegedly infringed material and 2) demonstrate that the alleged infringer violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. See <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1013 (9th Cir. 2001). Therefore, as long as plaintiffs allege these two elements consistent with Rule 8(a), their claim against defendant will survive a Rule 12(b)(6) motion to dismiss.

Defendant first argues that plaintiffs' claim is deficient because it does not specify the copyrighted works allegedly infringed upon. I disagree. Plaintiffs' Amended Complaint refers to and includes an attachment labeled "Exhibit A." This exhibit is a list of eight copyrighted recordings to which plaintiffs claim to own a copyright. Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Plaintiffs' Amended Complaint and Exhibit A, taken together, clearly identify copyrighted works allegedly infringed upon by defendant.

Defendant next argues that plaintiffs' claim is deficient because it does not specify the alleged infringing activity. However, plaintiffs' Amended Complaint alleges that defendant used an online media distribution system, among other things, to make the copyrighted recordings available for distribution to others. Additionally, plaintiffs' Amended Complaint refers to "Exhibit B"

4 - OPINION AND ORDER

attached to the complaint, which allegedly represents music files being shared by user "perez@KaZaA" at the time plaintiffs' investigator conducted the investigation. Although defendant disagrees that Exhibit B is such a representation, I must construe all allegations in the light most favorable to plaintiffs. I find that Exhibit B, in the context of the allegations in the Complaint, supports plaintiffs' allegation that defendant made copyrighted materials available for distribution.

In sum, plaintiffs' amended complaint alleges the necessary elements of a copyright infringement action pursuant to the Copyright Act. Defendant's motion to dismiss is denied.

III. <u>Plaintiffs' Motion to Dismiss Without Prejudice</u>

Plaintiffs move to voluntarily dismiss defendant from this action without prejudice. Plaintiffs explain that their initial investigation led them to believe defendant infringed their copyrights by sharing protected music files over the internet. However, discovery in this suit now leads plaintiffs to believe that other members of defendant's family are responsible for the alleged infringement. Those family members were recently added to the suit as defendants, and plaintiffs state there is no need to keep defendant as a party. Defendant argues plaintiffs are not entitled to voluntary dismissal under Rule 41(a)(2).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001). I find that defendant

5 - OPINION AND ORDER

will not suffer some plain legal prejudice as a result of dismissal and therefore grant plaintiffs' motion.

Defendant relies on a Tenth Circuit case to demonstrate he will suffer a legal prejudice if plaintiffs' motion is granted. In <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (1997), the Tenth Circuit set forth four non-exclusive factors to determine whether a party will suffer legal prejudice. Those factors are: 1) the opposing party's effort and expense in preparing for trial; 2) the lack of diligence on the part of the movant; 3) the sufficiency of the explanation for dismissal; and 4) the present stage of litigation. <u>Id</u>. Defendant argues those four factors are met here because he has incurred great expense in defending against plaintiffs' allegations; plaintiffs should have dismissed him from the suit a year ago; plaintiffs have no explanation for dismissing him now; and that it is too late to grant this motion because the discovery period in this case has already concluded.

However, the Ninth Circuit does not employ a multi-factor test and instead defines legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument." <u>Westlands Water Dist. v. U.S.</u>, 100 F.3d 94, 97 (1996). In fact, the Ninth Circuit rejected the first <u>Ohlander</u> factor by holding that expenses incurred in defending a lawsuit do not constitute legal prejudice. See <u>id.</u> (citing <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 146 (9th Cir. 1982). In the present case, defendant makes no argument that he possesses a legal interest, claim, or argument that will be prejudiced if plaintiffs' motion is granted.

6 - OPINION AND ORDER

Defendant also argues that this court is precluded from granting plaintiffs' motion to dismiss, because defendant filed a counterclaim for attorneys' fees with his original answer to the complaint. "If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Fed.R.Civ.P. 41(a)(2).

Plaintiffs respond that defendant's counterclaim is deficient, because a request for fees in this case is appropriate only if the request is made by motion. I agree. Federal Rule of Civil Procedure 54(d)(2)(A) provides that claims for attorneys' fees "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial."

In this case, the Copyright Act allows the recovery of fees at the court's discretion, not as an element of a claim. See 17 U.S.C. § 505. In fact, defendant subsequently filed a motion for an award of attorneys' fees under § 505 if he is dismissed from this case. Further, in his response to plaintiff's argument, defendant provides no authority allowing a counterclaim for fees under the Copyright Act. As such, defendant's "counterclaim" does not preclude voluntary dismissal of defendant from this suit.

IV. Defendant's motion for attorney fees

Finally, defendant seeks attorneys' fees. Defendant argues he is entitled to attorneys' fees because he is a prevailing party

7 - OPINION AND ORDER

under the Copyright Act, and because he meets the factors established by the Supreme Court for collecting attorneys' fees as the prevailing party. See Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). Defendant also maintains that the court has discretion to condition his dismissal under Rule 41(a)(2) upon an award of attorneys' fees.

Under the Copyright Act, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Defendant's argument fails because he is not a prevailing party under § 505. The court has not yet addressed or ruled on any of the merits of this case, and in the absence of such a ruling, I find no basis to award attorneys' fees based on status as a prevailing party. Furthermore, as discussed above, defendant is being dismissed from this case without prejudice. I do not find that the circumstances warrant an award of attorneys' fees under Rule 41(a)(2).

## Conclusion

For the reasons stated above, plaintiffs' motion to dismiss defendant Dave Perez without prejudice (doc. 34) is GRANTED, defendant's motion to dismiss with prejudice (doc. 38) is DENIED, and defendant's motion for attorneys' fees (doc. 39) is DENIED. IT IS SO ORDERED.

Dated this 25 day of October, 2006.

_____
Ann Aiken
United States District Judge